[Crim. No. 133.   Department Two.—August 21, 1896.]

## THE PEOPLE, Respondent, *v.* FRANK COMYNS, Appellant.

CRIMINAL LAW—GRAND AND PETIT LARCENY—INSTRUCTIONS.—In a prosecution for grand larceny, in which the defendant was charged with having stolen from a house various articles of personal property of the aggregate value of more than fifty dollars, it is error for the court to refuse to instruct the jury of their right to convict of petit larceny, where the evidence only traced into or through the possession of the defendant certain of the stolen articles, of an aggregate value of less than fifty dollars, and the circumstances of the case were such that the other articles might have been stolen by some other criminal acting independently of him.

Appeal from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

*Robert Ferral*, and *Edward M. Comyns* for Appellant.

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General*, and *Charles H. Jackson, Deputy Attorney General*, for Respondent.

Henshaw, J.:— Defendant was convicted of grand larceny. Upon this appeal he urges but one ground for reversal; that is an alleged error of the trial court in instructing the jury.

The court charged the jury as follows: "If you are not satisfied that he (defendant) is guilty of the offense charged against him, your verdict will be guilty."

Thereupon the attorney for the defendant asked: "Does your honor say to the jury that petit larceny is not embraced in the charge?" To which the court answered: "Precisely." To this ruling defendant's counsel entered his exception, and urges it as error upon this appeal.

The jury returned a verdict: "We, the jury, find the defendant guilty as charged."

It appeared by the record that defendant and one James Goggins were charged with having upon the twenty-second day of August, 1895, stolen various articles, principally jewelry, which articles in the aggregate exceeded in value the sum of fifty dollars. Defendant demanded and obtained a separate trial. Upon the trial it was shown that the articles in question were taken from the house of Charles F. Tay. Neither Tay nor his family was living in the house upon August 22d, nor had they been for some time prior thereto. The house was in charge of a Chinese servant. Upon the evening of August 22d, Tay was summoned to his home by a telephone message. Upon his arrival he

found several people in the house, who were gathered
there by the commotion created by the Chinaman.
"There was a good deal of confusion upstairs. The
bureau was open, the contents on the floor, the mat-
tresses turned up." The owner of the property testified
that in his opinion the value of all of the articles which
he missed was about one hundred and fifty dollars. He
testified further that as to most of them, he had seen
them for the last time during the week preceding that
in which he discovered their loss.

The defendant, Comyns, was seen in Mr. Tay's yard
about half-past two o'clock in the afternoon of the even-
ing when Mr. Tay was first notified of his loss. So far
as the evidence shows, he was alone. The Chinese
servant testified that he left the house at about a quar-
ter of two o'clock in the afternoon of that day, and
upon his return found that the house had been entered
and some of the rooms ransacked and rifled. He had
last seen any of the missing articles four or five days
preceding the discovery of their loss.

Upon the seventh day of September following, de-
fendant was arrested while in company with the said
Goggins. Of the property taken there were traced
into or through his possession an opera glass, a ring,
and a pistol, of an aggregate value far below fifty
dollars.

Under this state of the evidence, was the court justi-
fied in withholding from the jury the consideration of
the lesser offense of petit larceny?

There are several separate and distinct offenses which
are grouped by our code under the common designation
of grand larceny. If the property stolen is taken from
the person of another, then, without regard to its value,
the crime is grand larceny. If the property taken is a
horse, cow, mule, goat, sheep, etc., then, without regard
to the value of the animal, the crime is grand larceny.
In all other cases the value of the property taken be-
comes an essential element in determining the offense.
When the property taken is of a value exceeding fifty

dollars, the crime is grand larceny. When the property taken does not exceed in value fifty dollars, the crime is petit larceny. (Pen. Code, sec. 487.)

In this case, conceding the defendant to have committed the crime of larceny, it was essential for the jury to determine the value of the property which he stole. If, as a result of their deliberations, they believed the defendant to have stolen property exceeding in value fifty dollars, their verdict should have been guilty of the offense charged in the information. If, however, they believed that the property stolen by the defendant did not exceed in value the sum of fifty dollars, defendant would not have been entitled to an acquittal at their hands, but, under proper instructions from the court, they should have found him guilty of the lesser offense.

All this is undisputed and indisputable, but it is argued that, because the evidence for the people showed without conflict that the property stolen did exceed in value the sum of fifty dollars, the court was justified in removing from the jury the consideration of the lesser offense of petit larceny embraced within the graver charge. But making, for the purpose of this consideration, the utmost concession which could' be claimed by the people, namely, that the jury was conclusively bound by the evidence to find that the property stolen exceeded in value fifty dollars, and that they could not, in the exercise of their legal discretion in weighing evidence, find it to be of any less value, still no justification is shown for the refusal of the court to instruct upon the lesser offense. If, for example, but a single article had been stolen, a diamond, and the only evidence in the case was that the diamond greatly exceeded in value the sum of fifty dollars, some force would appear in the argument that the defendant, if the jury believed he stole that article, was guilty of the crime of grand larceny, and some reason would appear in justification of the court's refusal under such circumstances to submit to their consideration the lesser offense. But in this case only a small portion in value of the articles

stolen was traced to the defendant. The evidence
shows that at the time the owner's attention was called
to the loss of his property, and at the time when he
entered the house and made personal discovery of his
loss, the house was in confusion and people were in and
about it. The evidence also shows that most of the
articles had not been seen by the owner, or by any one
else, for several days before the date upon which it is
charged this defendant stole them. It was for the jury
to say and decide whether the defendant was guilty of a
larceny of articles in value exceeding fifty dollars.
Under the circumstances indicated they might have
been satisfied that the defendant stole the property
found in his possession, and might have doubted whether
the theft of the other articles not traced to his possession
was to be attributed to him, or to some other criminal
acting independently of him. We do not here mean to
imply that the evidence presented to the jury was not
sufficient to warrant them in finding the defendant
guilty of the offense of grand larceny. It was quite suf-
ficient; but that is not the question. They might not
have been satisfied, or have entertained a reasonable
doubt of his guilt of the graver offense, and have been
entirely of the opinion that he was guilty of the lesser.
But the consideration of the lesser offense was with-
drawn from them by the court. In so doing it in effect
charged the jury that if they believed the defendant to
have stolen any of the property, whether much or little
in value, they must find him guilty of having stolen
property exceeding in value fifty dollars. They were
thus denied the right to consider any of the other facts
or circumstances in the case. If, in other words, they
believed that the defendant had stolen the few articles
found in his possession, and no others, and that these
articles so stolen by him were of a less value than fifty
dollars, nevertheless, under the instructions of the court,
it would have been their duty to render the verdict
which they did.

Under the facts and circumstances of this case, there-

fore, it was clearly error for the court to withdraw from the consideration of the jury the question of the defendant's guilt of the lesser crime of petit larceny, embraced within the one charged, and the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

TEMPLE, J., and McFARLAND, J., concurred.