[Crim. No. 1753. Second Appellate District, Division One.—March 29, 1929.]

THE PEOPLE, Respondent, v. JOHN M. ANDERSON, Appellant.

Ault & MacKinnon for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of grand theft and from an order denying his motion for a new trial.

Briefly, the facts relating to the transaction upon which the prosecution of defendant was predicated were that defendant falsely represented to a foreman of the owner of certain hay that defendant was acting as a purchasing agent for "F. F. Fuller & Co." and thereby induced the owner of the hay to deliver its possession unto defendant; and thereupon, acting for himself, defendant sold the hay to a third person and refused to pay the original owner therefor.

Appellant's first specification of error relates to the refusal of the trial court to give to the jury certain instructions requested by defendant, among which was one to the effect that, unless by the evidence the jury was convinced beyond a reasonable doubt that the market value of the hay in question exceeded the sum of $200, even though all the remaining elements of the crime were established, defendant was entitled to an acquittal on the charge of grand theft, and could be convicted of no greater offense than that of petty theft. In that connection, it satisfactorily appears that the only evidence in the case relating to the value of the hay showed that it was reasonably worth at least the sum of $250. Since no evidence was introduced by either party which tended to prove that the hay was worth less than $200, the proposed instruction had no application to the facts and hence was properly refused. The point is illustrated in the case of *People* v. *Comyns*, 114 Cal. 107, 110 [45 Pac. 1034, 1035], where the court said: " . . . If, for

example, but a single article had been stolen, a diamond, and the only evidence in the case was that the diamond greatly exceeded in value the sum of fifty dollars (as then provided by statute), some force would appear in the argument that the defendant, if the jury believed he stole that article, was guilty of the crime of grand larceny, *and some reason would appear in justification of the court's refusal under such circumstances to submit to their consideration the lesser offense.* . . . '' ▮ Although not in identical terms, in principle, the other instructions which were requested by defendant and refused by the court were substantially covered by instructions given to the jury at the request of the prosecution. It follows that in that regard appellant has no cause for complaint.

▮ Appellant predicates prejudicial error in that, over the objection of defendant, the trial court admitted in evidence the bills of lading by which shipment of the hay was sought to be established. By the transcript of the proceedings had on the trial of the action it appears that at the time the bills of lading were offered in evidence the district attorney in charge of the prosecution stipulated that ''the specification of the weights, or where the weights come from, or various other things on the bills of lading, are not matters of evidence, it is merely introduced for the purpose of showing the bills of lading of the cars as shipped to San Diego.'' Moreover, all of the material facts contained in the bills of lading were established by other competent evidence. It is therefore clear that no prejudicial error was committed by the trial court in receiving the bills of lading in evidence.

▮ Appellant presents the further specification of error ''that the court erred in passing sentence on defendant on October 13, 1928, and in staying execution of sentence pending hearing on probation.''

The facts in connection with the point urged by appellant are that on October 13, 1928, defendant made a motion for a new trial, which motion was denied. Immediately thereafter, and before judgment was pronounced, defendant made application for probation. The trial court then pronounced judgment and at the same time, for the purpose of hearing further evidence on the application for probation, stayed execution of the judgment until October 19, 1928. It

is contended by appellant that the effect of the action by the trial court was either that defendant was thereby admitted to probation, or that he was denied the right to apply for probation. But even assuming the correctness of either of such conclusions, it is not inevitable that the judgment should be reversed or a new trial ordered. It would seem too clear for argument that following the conviction of defendant the trial court was vested with authority to pronounce judgment; and if at the same time the trial court should see fit to stay the execution of the sentence for a few days pending an investigation with reference to the advisability of admitting defendant to probation by way of suspending "the execution of the sentence" (sec. 1203, Pen. Code), defendant is in no position to complain. ▆ The mere fact (assuming such to be the case) that in the discretion of the trial court leave to file an application for probation was denied defendant, affords no ground for a reversal of the judgment. (8 Cal. Jur. 454.)

▆ Reverting to the matter of the market value of the hay in question, appellant insists that it was not proved that it exceeded the sum of $200, and hence under the terms of the statute (sec. 487, Pen. Code), that the conviction of defendant of the crime of grand theft should not be permitted to stand. However, an examination of the record herein satisfactorily shows that the evidence was ample to sustain the verdict in that regard.

▆ Finally, appellant contends that the evidence fails to establish that the fraud committed by the defendant caused the owner of the hay to part with his property and that no actual fraud was committed. It would serve no useful purpose to herein set forth the evidence introduced on the trial of the action by which the owner of the hay was induced to deliver it into the possession of defendant and by reason of which act the owner of the hay was defrauded of its value. Suffice it to say that on consideration of the evidence this court is convinced that it sufficiently meets all legal requirements included within the specifications to which reference has been had.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.